09-1176-cr
*USA v. Young*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of July, two thousand ten.

PRESENT:

RALPH K. WINTER,
JOSEPH M. McLAUGHLIN,
DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.

JOSEPH YOUNG, also known as Joe
Black,
                    *Defendant-Appellant*,

GINO GALESTRO, JOHN TUFARELLI,
also known as Little John, STEFAN
CICALE, JOSE GARCIA,
                    *Defendants*.

---

09-1176-cr
Summary Order

Winston Y. Chan, Assistant United States Attorney (Benton J. Campbell, United States Attorney, and David C. James, Jack Dennehy, William Schaeffer, Assistant United States Attorneys, *on the brief*), United States Attorney's Office, Eastern District of New York, Brooklyn, NY, *for Appellee*.

Robert A. Soloway, Rothman Schneider Soloway & Stern, LLP, New York, NY, *for Defendant-Appellant*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Joseph Young appeals from the March 13, 2009 judgment of conviction entered after a jury found him guilty of 24 charges, including racketeering, murder in aid of racketeering, murder for hire, carjacking, extortionate collection of credit, and various firearms offenses, all stemming from his involvement with the Bonanno Crime Family. Young argues on appeal that the district court (Ross, *J.*) erred by empaneling an anonymous and escorted jury and abused its discretion by admitting into evidence a homemade "movie trailer" that featured Young and several of his associates. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"In reviewing an anonymous jury challenge, we 'balance the defendant's interest in conducting meaningful voir dire and in maintaining the presumption of innocence, against [the jury's] interest in remaining free from real or threatened violence and the public interest in having the jury render a fair and impartial verdict.'" *United States v. Quinones*, 511 F.3d 289, 295 (2d Cir. 2007) (quoting *United States v. Amuso*, 21 F.3d 1251, 1264 (2d Cir.1994)). "As a general rule, a district court may order the empaneling of an anonymous jury upon '(a) concluding that there is strong reason to believe the jury needs protection, and (b) taking reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected.'" *United States v. Stewart*, 590 F.3d 93, 124 (2d Cir. 2009) (quoting *United States v. Paccione*, 949 F.2d 1183, 1192 (2d Cir.1991)); *accord United States v. Vario*, 943 F.2d 236, 240-41 (2d Cir. 1991).

If "there is evidence to support the district court's finding of reason to believe the jury needs protection," and if "the court has taken reasonable precautions to minimize any prejudicial effects on the defendant and to ensure protection of his fundamental rights, the decision to empanel an anonymous jury is reviewed only for abuse of discretion." *Stewart*, 590 F.3d at 124 (quoting *United States v. Thai*, 29 F.3d 785, 801 (2d Cir. 1994)).

Here, we see no abuse of discretion in the district court's decision to empanel an anonymous jury. While, "[t]he invocation of the words 'organized crime,' 'mob,' or 'Mafia,' unless there is something more, does not warrant an anonymous jury," *Vario*, 943 F.2d at 241, in this case the "something more" was satisfied by the government's showing that trial evidence would depict a horrific "pattern of violence by the defendant and his associates," *id.*, including Young's murder of an associate and subsequent dismemberment and burning of the man's corpse when this associate was adjudged to have boasted excessively regarding the group's crimes. Although Young was apparently a low-level figure in the Bonanno organization, and the district court acknowledged that it was therefore "unclear precisely what duty the family owed to [him] . . . and to what lengths the family might go in order to assist him," Sept. 12, 2008 Order at 4, the government made a sufficient showing of the Bonanno organization's willingness to subvert the judicial process, *see Vario*, 943 F.2d at 241 (indicating that "a demonstrable history or likelihood of obstruction of justice on the part of the defendant or others acting on his behalf" can support empanelment of an anonymous jury). Moreover, the evidence introduced at trial demonstrated that Young himself was willing to subvert the proceedings by inducing another to provide him with a false alibi. *See Quinones*, 511 F.3d at 295 ("In reviewing [evidence demonstrating the defendant's willingness to tamper with the judicial process], we are not limited to the facts available at the time of actual empanelment; rather, we may consider any relevant evidence in the record."). The significant media interest in Young's trial

3

further supported the district court's decision to empanel an anonymous jury. *See, e.g.*, *United States v. Wong*, 40 F.3d 1347, 1377 (2d Cir. 1994) ("The prospect of publicity militates in favor of jury anonymity to prevent exposure of the jurors to intimidation or harassment.").

Nor did the district court abuse its discretion by admitting into evidence the homemade film featuring Young and his associates. Federal Rule of Evidence 403 allows relevant evidence to be excluded by the trial court if "its probative value is substantially outweighed by" such dangers as "unfair prejudice." "On appeal, our review of the district court's Rule 403 rulings is tightly limited in recognition of a trial court's superior position to assess both the probative value and the prejudicial potential of evidence presented at trial; those rulings must stand absent an abuse of discretion." *United States v. Royer*, 549 F.3d 886, 901 (2d Cir. 2008). The district court found the film – which among other things showed Young and various co-defendants together at the mansion at which Young was alleged to have killed their associate – to be probative, and Young concedes that it was relevant evidence. Appellant's Br. at 33, 35. Although Young contends that the film was prejudicial because it depicted him in the "role of a murderer," *id.* at 32, the trailer did not in fact show him killing anyone, and its depiction of him wearing dark clothing and a mask and carrying a firearm corroborated trial testimony regarding his use of such tools in the course of his crimes. Additionally, the district court cautioned the jury that the events depicted in the film were pure fiction, thereby reducing the potential for prejudice. *See Royer*, 549 F.3d at 901.

We have considered all of Young's other arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4